# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**August 27, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Hybrid Fleet, Inc.,**
**Employer Below, Petitioner**

**v.)**    **No. 23-210**  (JCN: 2021015622)
(BOR Appeal No. 2057934)
(ICA No. 22-ICA-128)

**Christina West,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Hybrid Fleet, Inc. appeals the February 15, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Hybrid Fleet, Inc. v. West*, No. 22-ICA-128, 2023 WL 2017648 (W. Va. Ct. App. Feb. 15, 2023) (memorandum decision). Respondent Christina West filed a timely response.[1] The issue on appeal is whether the ICA erred in reversing the decision of the West Virginia Workers' Compensation Board of Review, which concluded that Ms. West failed to establish that she sustained an injury in the course of and resulting from her employment on December 3, 2020. The ICA remanded the claim to the Board of Review with directions to ascertain additional evidence from the parties regarding the appropriate compensable condition.[2]

---

[1] The petitioner is represented by counsel David P. Cook, Jr., and the respondent is represented by counsel J. Thomas Greene, Jr., and T. Colin Greene.

[2] The Board of Review decided the appeal of an order entered by the Office of Judges on January 28, 2022; this appeal was already pending at the Board of Review on June 30, 2022, when the West Virginia workers' compensation system underwent a significant restructuring. Despite the restructuring, the Board of Review was responsible for deciding this and "all remaining appeals filed with the Board of Review, of Office of Judges' decisions issued prior to June 30, 2022[.]" *See* W. Va. Code § 23-5-8b(e). The order entered by the Board of Review was then appealed to the ICA, which pursuant to West Virginia Code § 23-5-8b(d)(2), has exclusive jurisdiction over all final orders or decisions issued by the Board of Review after June 30, 2022. *See also* W. Va. Code § 23-5-15(a) (directing that prior statutory provisions allowing for appeals from Board of Review directly to Supreme Court of Appeals do not apply to any Board of Review decision issued after June 30, 2022).

1

On appeal, the employer asserts that the ICA erred in reversing the Board of Review's decision because the claimant failed to meet her burden of showing that an injury occurred in the course of and resulting from employment under West Virginia Code § 23-4-1(g). The claimant maintains that she was working full duty employment without pain or restrictions prior to the date of injury, and the evidence of record supports that she suffered an isolated, fortuitous event in the course of and resulting from her employment.

This Court reviews questions of law de novo, while we accord deference to the lower tribunal's findings of fact unless the findings are clearly wrong. *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. Apr. 22, 2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: August 27, 2024**

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Chief Justice Tim Armstead
Justice C. Haley Bunn

Armstead, Chief Justice and Bunn, Justice, dissenting:

We dissent to the majority's resolution of this case. We would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, we believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, we respectfully dissent.